## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Kenneth Acevedo, being duly sworn, depose and state:

### Introduction

1. I am an investigative or law enforcement officer of the United States, within the meaning of Section 2510(7) of Title 18, *United States Code*, and am empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, *United States Code*.

2. I am a Special Agent with the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), where I have worked since June 2024. During my tenure as a Special Agent, I completed a 12-week Criminal Investigation Training Program (CITP) and a 15-week Homeland Security Investigations Special Agent Training (HSISAT) program at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia. Prior to my tenure as a Special Agent, I graduated from Embry-Riddle Aeronautical University with a Bachelor of Science in Project Management. I served for six years in the U.S. Air National Guard with one deployment overseas supporting U.S. contingencies operations abroad. While serving in the military, I also worked for six years as a contractor with Customs and Border Protection, Air and Marine Operations (CBP AMO), supporting federal law enforcement and national security operations.

3. The facts and information contained in this affidavit are based upon my training and experience, participation in this investigation, personal knowledge and

1

observations during this investigation, as well as the observations of other agents and police officers involved in this investigation. All observations not personally made by me were relayed to me by the individuals who made them or are based on my review of records, documents, and other physical evidence obtained during the investigation.

4. This affidavit contains information necessary to support probable cause. It is not intended to include each and every fact and matter observed by me or known to the United States. This affidavit contains information necessary to support probable cause for a criminal complaint charging Anyelo Ramon DANIEL-Mauricio (DANIEL-Mauricio) with violation of 8 U.S.C. § 1326(a) & (b)(1) (Reentry of Removed Alien).

### Probable Cause

5. On February 11, 2025, DANIEL-Mauricio, was referred to HSI Resident Agent in Charge (RAC) Mayaguez by the HSI Intelligence Unit. Further investigation revealed that DANIEL-Mauricio had entered illegally into the United States on July 28, 1995, and was subsequently removed various times.

6. On March 18, 2025, DANIEL-Mauricio was arrested outside his residence by HSI RAC Mayaguez Agents and Enforcement and Removal Operations Deportation Officers from the Aguadilla, Puerto Rico Sub Office.

7. The investigation has revealed that DANIEL-Mauricio, a citizen of the Dominican Republic, entered the United States on or about July 28, 1995, at or near Aguadilla, Puerto Rico. The Attorney General does not designate this location as a Port of Entry. At that time, DANIEL-Mauricio was not admitted, inspected, or

paroled by an immigration officer into the United States. DANIEL-Mauricio was not in possession of any documents allowing him permission to be or remain in the United States legally.

    8.    The following is a timeline of DANIEL-Mauricio's immigration history:

- (i) On or about July 28, 1995, DANIEL-Mauricio entered the United States at or near Aguadilla, Puerto Rico.

- (ii) On or about October 5, 1997, DANIEL-Mauricio was arrested by US Border Patrol (USBP).

- (iii) On or about March 03, 1998, DANIEL-Mauricio was granted a Voluntary Departure (VD) until July 6, 1998, with and alternate order of removal.

- (iv) On or about July 8, 1998, DANIEL-Mauricio departed the United States, two days past the VD order.

- (v) On or about July 22, 1998, DANIEL-Mauricio reentered the United States.

- (vi) On or about September 25, 2003, DANIEL-Mauricio was arrested by ICE and issued a Notice to Appear.

- (vii) On or about October 8, 2003, DANIEL-Mauricio's case was terminated by an Immigration Judge, prior removal order was reinstated.

- (viii) On or about October 22, 2003, DANIEL-Mauricio was removed from the United States to the Dominican Republic.

- (ix) On or about April 5, 2004, DANIEL-Mauricio was arrested by the U.S. Border Patrol and processed criminally for charges of reentry under 8 U.S.C. § 1326(a)(2).

- (x) On or about May 8, 2004, DANIEL-Mauricio was sentenced to time served for violation of 8 U.S.C. § 1326(a)(2).

(xi) On or about August 12, 2004, DANIEL-Mauricio was removed from the United States to the Dominican Republic.

9. Based on the above information, there is probable cause to believe that DANIEL-Mauricio is a national and citizen of the Dominican Republic. Furthermore, record checks were conducted for DANIEL-Mauricio, and they reveal he has never obtained legal authority to enter and/or be present in the United States.

## Conclusion

10. Based on the facts contained herein, there is probable cause to believe that DANIEL-Mauricio committed the following Federal offense: 8 U.S.C. § 1326(a) & (b)(1) (Reentry of Removed Alien).

I hereby declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

_____
Kenneth Acevedo
Special Agent
Homeland Security Investigations

Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at 11:49 a.m. on this 18th day of March, 2025.

_____
Marcos E. López
Magistrate Judge
United States District Court
District of Puerto Rico